OLEGARIO TORRES, lesionado y apelante; COMPAÑÍA AZUCARERA DEL TOA, patrono, y FONDO DEL SEGURO DEL ESTADO.

Núm. 11.—*Sometido:* Abril 14, 1937. *Resuelto:* Abril 22, 1937.

*Benigno Dávila,* abogado del apelante.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

Olegario Torres fué lesionado mientras trabajaba para la Compañía Azucarera del Toa, el viernes 8 de octubre de 1936. El día 12 del mismo mes se personó por primera vez ante el Dr. Ramón L. Rodríguez, médico del Fondo del Seguro del Estado, para recibir tratamiento facultativo. Le exigió el médico un documento que acreditase los hechos del accidente, y el lesionado volvió a verle el día 13 de octubre, en cuya fecha el doctor Rodríguez le envió a la Clínica Industrial del Fondo del Seguro del Estado, donde empezó a recibir tratamiento el día 15 del mismo mes.

En diciembre 8, 1936, el Administrador del Fondo del Seguro del Estado dictó su resolución negándole a Torres el derecho a recibir compensación por el fundamento de que el lesionado se presentó a solicitar tratamiento médico siete días después del accidente, sin haber explicado satisfactoriamente su demora. Apelada dicha resolución para ante la Comisión Industrial, ésta la confirmó, negándose también a reconsiderarla. Por el presente recurso se solicita la revisión y revocación de dicho fallo.

El único error que se imputa a la Comisión industrial y que merece consideración es el de *haber interpretado que los cinco días que prescribe el artículo 5 de la Ley núm. 45 de 1935 (pag. 251) deben computarse ·desde la fecha del accidente al día en que el obrero empezó a recibir tratamiento facultativo.*

El citado artículo, en lo pertinente, lee así:

"La negativa u oposición sin justa causa, del obrero o empleado a someterse al examen médico o tratamiento facultativo provisto por el Administrador surtirá el efecto de privarlo de su derecho a recibir compensación de acuerdo con esta Ley o entablar o seguir procedimiento de acuerdo con la misma para obtener tal compensación; *Disponiéndose,* que si el obrero o empleado no se presentare al médico dentro de un término que no excederá de cinco (5) días después de la ocurrencia del accidente para tratamiento facultativo, ni explicare satisfactoriamente su demora al Administrador, éste podrá privarlo de su derecho a recibir compensación alguna, pero no podrá negarse al obrero o empleado bajo ninguna circunstancia, la asistencia médica que a juicio del Administrador se considere necesaria hasta tratar de lograr su total restablecimiento; *Y disponiéndose, además,* que para apreciar y comprobar la incapacidad con que queda afecto el obrero o empleado, el Administrador, podrá compeler la comparecencia personal del lesionado por cuenta del Fondo del Estado."

El lenguaje del estatuto es tan claro que no es necesario hacer esfuerzo alguno para descubrir la intención del legislador. El obrero lesionado que desee recibir compensación debe presentarse al médico y someterse a su examen o tratamiento dentro de los cinco días siguientes al día del accidente. Si no lo hiciere así, el Administrador del Fondo del Estado podrá negarse a concederle compensación.

En el caso de autos aparece que el lesionado se presentó al médico dentro de los cinco días siguientes al del accidente, para que le curase, pero le exigió al médico que no hiciera informe alguno sobre el accidente. Negóse el médico a aceptar esas condiciones y el lesionado se marchó sin que se le hiciera cura alguna. Cuando el lesionado se sometió por fin a tratamiento médico, el día 15 de octubre de 1936, ya el término legal había expirado.

Hemos examinado cuidadosamente las conclusiones de hecho que aparecen en el dictamen de la Comisión, y no encontramos justificada la alegación de que el Administrador del Fondo del Estado abusara de su discreción al negarle compensación al lesionado recurrente. El obrero lesionado debe

presentarse al médico, para que éste le examine o le someta a un tratamiento, dentro del término fijado por la ley, y sin imponer al médico condición alguna para el cumplimiento de su deber profesional.

*Debe confirmarse la resolución recurrida.*